# EXHIBIT

# 2

AARON D. LANGBERG (SBN 284975)
alangberg@tesla.com
TESLA, INC.
31353 Huntwood Avenue
Hayward, California 94544
Telephone: (510) 828-8959

Attorney for Defendant
TESLA, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MIKE TULLY,<br><br>    Plaintiff,<br><br>vs.<br><br>TESLA, INC. dba TESLA MOTORS, INC., a Texas Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 30-2024-01446256-CU-WT-CJC<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT**<br><br>*Complaint Filed: December 11, 2024* |

Defendant TESLA, INC. (hereinafter, "Defendant" or "Tesla") responds to Plaintiff MIKE TULLY's (hereinafter, "Plaintiff") unverified Complaint, filed in the above-captioned action on or about December 11, 2024 (hereinafter, the "Complaint") as follows:

### ANSWER

Pursuant to California Code of Civil of Procedure § 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint. In addition, Defendant denies that Plaintiff has sustained or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act, omission, or any other conduct or absence thereof on the part of Defendant.

///

///

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT

**DEFENSES**

Defendant's assertion of the below defenses is not intended to, and does not, operate as a voluntary assumption of the burden of proof as to such defenses. Discovery and investigation are ongoing. Defendant reserves its right to seek to add additional defenses as the case develops.

The terms "his," "her," "he," "she," "they," and "them" as used below refer to any person or persons of any gender or gender identity.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.      The Complaint, and each and every purported cause of action alleged therein is barred because it is subject to binding arbitration based on the signed agreement between the parties, in which Plaintiff agreed to arbitrate all his employment related claims against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.      The Complaint, and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

3.      The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statute of limitations including, but not limited to, sections 338, 340, and 343 of the California Code of Civil Procedure, sections 12960 and 12965 of the Government Code, and any other applicable statutes.

**FOURTH AFFIRMATIVE DEFENSE**

4.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust Plaintiff's administrative remedies and/or contractual remedies.

**FIFTH AFFIRMATIVE DEFENSE**

5.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because all employment actions taken would have been taken on the basis of legitimate, non-discriminatory and non-retaliatory business reasons.

///

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged damages would have been avoided by such action.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because any and all purportedly wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint, and each and every purported cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

9.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act – California Labor Code §§ 3200 *et seq*.

## TENTH AFFIRMATIVE DEFENSE

10.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Tesla took all reasonable steps to prevent any alleged discrimination and/or retaliation once Tesla was made aware of Plaintiff's complaints.

## TWELFTH AFFIRMATIVE DEFENSE

12.      The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

///

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2      13.    The Complaint, and each and every purported cause of action alleged therein, is barred,

3   in whole or in part, by the equitable doctrine of laches.

4

## FOURTEENTH AFFIRMATIVE DEFENSE

5      14.    The Complaint, and each and every purported cause of action alleged therein, is barred,

6   in whole or in part, by the doctrine of unclean hands.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8      15.    The Complaint, and each and every purported cause of action alleged therein, is barred,

9   in whole or in part, by the doctrine of preemption including, but not limited to, Plaintiff's claims for

10  loss of employment benefits which are preempted by the Employee Retirement Income Security Act of

11  1974 (29 U.S.C. § 1001 *et seq.*) and her claims which are preempted by the California Workers'

12  Compensation Act.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14      16.    The Complaint, and each and every purported cause of action alleged therein, is barred,

15  in whole or in part, as Tesla is not liable to Plaintiff for punitive damages because neither Tesla nor any

16  of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or

17  malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of

18  the employee or employees, if any, who allegedly committed such acts; or employed any such

19  employee or employees with a conscious disregard of the rights or safety of others, as required by

20  California Civil Code section 3294(b).

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22      17.    The Complaint, and each and every purported cause of action alleged therein, is barred,

23  in whole or in part, as Plaintiff's claim for exemplary or punitive damages is barred and invalid on its

24  face and/or as applied to these Defendants pursuant to the First, Fifth, Eighth and Fourteenth

25  Amendments to the Constitution of the United States and Article I of the Constitution of the State of

26  California.

27  ///

28  ///

4

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT

**RESERVATION OF RIGHTS**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be ordered to binding arbitration based upon the agreement of the parties;

2. That the Complaint be dismissed in its entirety and that Plaintiff take nothing by his Complaint;

3. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

4. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as may be deemed just and proper.


DATE:  January 10, 2025                      TESLA, INC.


By: _____
AARON D. LANGBERG
Attorneys for Defendant,
TESLA, INC.

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

1

2      I declare that I am employed in the County of Alameda, State of California.  I am over the age

3  of eighteen years and not a party to the within cause; my business address is 31353 Huntwood Avenue,

4  Hayward, California 94544.  On the date set forth below, I served the attached:

5      **DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

6  on the following interested party(s) in said cause:

7  Zack I. Domb (zack@dombrauchwerger.com)
   Devin E. Rauchwerger (devin@dombrauchwerger.com)
8  DOMB & RAUCHWERGER LLP
9  1055 East Colorado Blvd., Fifth Floor
   Pasadena, California 91106
10  Telephone: (213) 537-9225

11  **[  ] VIA MAIL -- CCP §1013(a), 2015.5:**
   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and
12  mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of
   collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed
13  for collection and mailing would be deposited with the United States Postal Service at Hayward, California, with postage
   thereon fully prepaid, that same day in the ordinary course of business.

14

15  **[  ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**
   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by
   overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and
16  processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection
   for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized
17  by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on
   the following business day.

18

19  **[ X ] VIA E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**
   I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable
20  time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  I am readily
   familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s)
21  and any such documents would be transmitted in the ordinary course of business.

22  **[  ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be
23  hand-served on that day, in the ordinary course of my firm's business practice.

24      I declare under penalty of perjury under the laws of the State of California that the foregoing is true

25  and correct and that this declaration was executed on January 10, 2025, at Fremont, California.

26

27
                                                    Lisa Flegenheimer
28

1

PROOF OF SERVICE